## STATEMENT OF FACTS

On March 5, 2025, at approximately 5:00 PM, members of the Metropolitan Police Department's ("MPD") First District were conducting patrols of the First District. Officers were wearing full MPD uniform in fully marked cruisers. MPD Officer Timothy M. Ahl Jr., the undersigned affiant ("Officer Ahl" or "your affiant"), observed Da'Jon Malloy ("MALLOY"), walking westbound in the 100 block of M Street, Southwest and approached to get a better look at MALLOY, as MALLOY appeared to match the description of a suspect for which the First District had issued a "be on the look out" alert (BOLO). MALLOY crossed the intersection at Delaware Avenue, Southwest, and M Street, Southwest, in disregard of a solid orange "do not walk" signal visible at the crosswalk and in violation of District of Columbia Municipal Regulations.

Officer Ahl pulled over the fully marked cruiser, exited the vehicle, and approached MALLOY on the sidewalk in front of an apartment complex located at 219 M Street, Southwest. Several other officers arrived on the scene shortly thereafter.

Officer Ahl asked MALLOY if he would speak with him, and MALLOY consented. Officer Ahl informed MALLOY that he had observed him crossing the street against a "no walk" sign and requested identification. MALLOY provided Officer Ahl with a DC Identification card, Mr. Da'Jon Malloy. Officer Ahl returned to the police cruiser with MALLOY's identification card. A WALES/NCIC check of MALLOY's information revealed MALLOY was on supervised release status.

While Officer Ahl was in the cruiser, several other officers stood on or near the sidewalk with MALLOY. At this time, an "L" shaped object inside of the crossbody Coach satchel on MALLOY's person is clearly visible on officers' body worn camera. Officers asked MALLOY whether he had anything in his possession that the officers should know about, which MALLOY denied.



*Figure 1: Visible "L" Shaped Outline in MALLOY's satchel*

Around this time, Officer Matthew Allen-Garcia ("Officer Allen-Garcia") arrived on scene and observed the clear outline of a sharp "L" shaped object inside of the satchel on MALLOY's person. Officer Allen-Garcia approached Officer Ahl, who was still in the police cruiser with MALLOY's identification card, and informed Officer Ahl that he saw an "L" shape in the bag and inquired whether they had asked MALLOY about his satchel.

Officers again asked MALLOY if he had anything on his person that they should know about, including weapons, and also asked specifically about the satchel. MALLOY admitted that he had "weed," which your affiant understands is a slang term for Marijuana, a Schedule I controlled substance under federal law. MALLOY then pulled approximately nine bags of what appeared to be prepackaged marijuana and placed them on the ground in front of him. Based on the officers' training and experience, the packages removed from MALLOY's satchel appeared to be greater than the legal amount of 2 ounces or less, which is the legal amount for personal possession in the District of Columbia. The weight of the packages was later determined to be 2.89 ounces.



*Figure 2: Bags Consistent with Prepackaged Marijuana Removed
by MALLOY from Satchel*

Even after MALLOY removed the packages of marijuana, an "L" shaped outline inside of
MALLOY's satchel continues to be visible on officers' body worn camera.



*Figure 3: "L" Shaped Outline Visible in MALLOY's Bag After Removal of Marijuana*

When asked by officers if MALLOY had removed everything from the bag, MALLOY stated that
he also had a scale in the bag.  Given the amount of prepackaged Marijuana and the scale, your
affiant believes the Marijuana possessed by MALLOY is more consistent with distribution than
personal use.  MALLOY removed his outer jacket and began to hunch over in a manner that, in

3

the officers' training and experience, seemed designed to hide the contents of the bag from the officers. He also took out his cellular phone and appeared to answer a call. Officer Ahl, who was approaching MALLOY to place him under arrest, observed MALLOY's strange behavior and grabbed the satchel to remove it from MALLOY's person. Officer Ahl looked down into the unzipped satchel and observed the bottom of a handgun magazine clearly protruding up from the inside of the satchel.

The satchel was removed from MALLOY without incident and MALLOY was handcuffed and placed under arrest.

The firearm recovered was a Glock 19 Gen5 9 millimeter bearing serial number BEYU386. The firearm was loaded with one round of 9 millimeter ammunition in the chamber, with 14 additional rounds of 9 millimeter ammunition inside a 15-capacity magazine. A check on the DC Gun Registry Database revealed MALLOY was not licensed to possess a firearm in the District of Columbia.



*Figure 4: Image of Gun, Magazine, and Ammunition*

Search Incident to Malloy's arrest also revealed THC Wax. Your affiant understands THC Wax to be a concentrated form of tetrahydrocannabinol (THC) derived from Marijuana, which is a Schedule I controlled substance under federal law.

MALLOY was transported to the First District police station for processing. MALLOY was interviewed by First District Detectives. A detective verbally informed MALLOY of his rights and MALLOY signed a form acknowledging that he had received a warning as to his rights and was willing to answer questions without having an attorney present. During the interview, MALLOY stated that he had borrowed the gun that morning from a friend in Greenbelt, Maryland. MALLOY further acknowledged that he was "aware I'm not supposed to have a gun."

4

A criminal history check showed MALLOY was convicted in D.C. Superior Court Case number 2021 CF3 0006128 of: Assault with a Dangerous Weapon – Gun and Unlawful Possession of a Firearm (Prior Conviction) and sentenced to 30 months' incarceration. MALLOY was also convicted in Maryland under case number CT170865X of Burglary and sentenced to 15 years' confinement, suspended as to all but 1 year 6 months. Accordingly, MALLOY would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition.

Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

As such, your affiant submits that probable cause exists to charge Da'Jon Malloy with violation of 18 U.S.C. 922(g)(1) **(Unlawful Possession of Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)**.

_____

Officer Timothy M. Ahl Jr., #2003
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 24, 2025.

_____

Honorable Matthew J. Sharbaugh
United States Magistrate Judge